**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-01133-RM

CARL R. MILLER,

    Plaintiff,

v.

ANDREW M. SAUL,[1] Commissioner of Social Security,

    Defendant.

**ORDER**

This matter is before the Court on Plaintiff Carl R. Miller's request for judicial review of the Social Security Administration ("SSA") Commissioner's decision denying Mr. Miller's application for social security disability insurance benefits ("DIB"). The Court has jurisdiction under 42 U.S.C. § 405(g). Upon consideration of the record, and the applicable law, the Court finds and orders as follows.

**I.**      **BACKGROUND**

    **A. Procedural and Factual History**

Mr. Miller is a veteran who was in the military until about 2001. (AR[2] 51.) In May 2015, Mr. Miller applied for DIB alleging disability with an onset date of December 20, 2014. (AR 91, 92, 94.) As the bases for his DIB application, Mr. Miller claimed he suffered from post-traumatic stress disorder ("PTSD"), mental health problems, cognitive impairments, degenerative disc

---

[1] Mr. Saul became the Commissioner on June 17, 2019 and, therefore, was automatically substituted as the defendant in this case. *See* Fed. R. Civ. P. 25(d).
[2] "AR" refers to the administrative record found at ECF No. 9.

disease, and leukemia.[3] (AR 202.) Mr. Miller was 43 years old in September 2016, when he was last insured for DIB. (AR 19, 224.)

After Mr. Miller's application was denied on July 13, 2015, he requested a hearing. (AR 97-98.) The Administrative Law Judge ("ALJ") held a hearing on April 12, 2017. (AR 47.) Mr. Miller appeared with counsel and testified at the hearing. (AR 47-73.) A vocational expert also testified at the hearing, who was cross-examined by Mr. Miller's counsel. (AR 69-73.) During the hearing, counsel advised the ALJ that Mr. Miller had some comprehensive psychological testing at the Veterans Administration ("VA") and the VA had increased his impairment rating from 40% to 100%, with 60% attributable solely to Mr. Miller's PTSD. (AR 47-48.) This testing was conducted about a month before the hearing, i.e., March 2017, but Mr. Miller did not have the report yet. (AR 47-48.) At the end of the hearing, the ALJ told counsel that because the record never closes, counsel could submit records at any time and the ALJ would consider any records received prior to the issuance of his decision. (AR 72.) No records were submitted before the ALJ made his decision. (*See* AR.)

On May 16, 2017, the ALJ issued an unfavorable decision, finding Mr. Miller was not disabled. (AR 11-21.) Mr. Miller then asked the Appeals Council to review the decision and, at that time, submitted the VA letter of decision dated September 15, 2017. (AR 1-3.) The VA letter stated it found Mr. Miller was entitled to VA benefits based on 100% disability from PTSD. (AR 30-35.) The Appeals Council denied Mr. Miller's request for review on March 13, 2018, making the ALJ's decision final. (AR 1-3.)

---

[3] Base on the hearing transcript, Mr. Miller apparently abandoned any claim based on leukemia.

### B. The ALJ's and Appeals Council's Decisions

***The ALJ's Decision.*** The ALJ went through the five-step sequential evaluation process. *See Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). At step one, the ALJ found Mr. Miller had not engaged in substantial gainful activity since his onset date through his date last insured. At step two, the ALJ determined Mr. Miller suffered from the following four severe impairments: degenerative disc disease, degenerative joint disease, major depressive disorder, and PTSD.

At step three, the ALJ concluded the Mr. Miller did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. The impairments he considered were 1.04, 1.02, 12.04, and 12.06. Then the ALJ assessed Mr. Miller with the residual functional capacity ("RFC") to do perform sedentary work with certain restrictions.

At step four, the ALJ determined Mr. Miller was unable to perform his past relevant work. Then, at step five, based on the testimony of the vocational expert, the ALJ found Mr. Miller could perform other jobs available in significant numbers in the national economy. Specifically, the jobs were that of microfilm document preparer, address clerk, and tube clerk. Therefore, the ALJ found Mr. Miller not disabled and denied his application for benefits. (AR 11-21.)

***The Appeals Council's Decision.*** The Appeals Council denied Mr. Miller's request for review of the ALJ's decision. In doing so, the Appeals Council stated the September 15, 2017 VA's letter of decision did "not show a reasonable probability that it would change the outcome of the decision." (AR 1-4.)

The request for review before this Court followed. The Commissioner filed a response, to

which Mr. Miller filed a reply. The matter is ripe for resolution.

## II.   LEGAL STANDARD

As stated, the Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *Wilson*, 602 F.3d at 1139. The claimant bears the burden of proof at steps one through four; if the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five. *Id*. The Court's review of the Commissioner's decision "'is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence.'" *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1177–78 (10th Cir. 2020) (quoting *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "'Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Id*. (quotation marks and citation omitted). The Court may not reweigh the evidence or substitute its judgment for that of the agency. *Id*.; *see also Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016) (same).

## III.   DISCUSSION

Mr. Miller raises three challenges to the Decision. The Court analyzes each in turn.

### A.   The Failure to Consider Listing 12.15 at Step Three

Mr. Miller first contends the ALJ erred in failing to consider Listing 12.15 in evaluating his PTSD. Mr. Miller, as the claimant, bears the burden of showing that his impairment meets or medically equals a listing. 20 C.F.R. § 404.1520; *see Fischer–Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). "For a claimant to show that his impairment matches a listing, it must meet

*all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). An impairment is "equivalent" to a listed impairment if there are medical findings "at least of equal medical significance to the required criteria." 20 C.F.R. § 416.926.

Listing 12.15 contains the following criteria: (i) "paragraph A" medical documentation criteria, (ii) "paragraph B" functional criteria, and (iii) "paragraph C" criteria for serious and persistent mental disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.15. In order to meet Listing 12.15, a claimant must satisfy the "paragraph A" medical documentation criteria *and* either the "paragraph B" criteria or the "paragraph C" criteria. Mr. Miller acknowledges the § 12.15 "B" criteria are very similar to the "B" criteria found in other mental health listings but asserts the "C" criteria is very different and is not addressed at any point in the ALJ's discussion of the evidence. Mr. Miller further asserts there is substantial objective medical evidence that his PTSD meets criteria A, B, and C under Listing 12.15 and by failing to consider this Listing at step three, the ALJ committed reversible – not harmless – error.

In response, the Commissioner acknowledges the ALJ should have considered whether Mr. Miller's PTSD met or medically equaled Listing 12.15 but argues that such error was harmless. Specifically, the Commissioner argues the ALJ's omission was harmless because (1) the B and C criteria are the same in Listings 12.04, 12.06, and 12.15; (b) the ALJ found at step three that Mr. Miller did not meet the B or C criteria for Listings 12.04 and 12.06; (c) Mr. Miller did not challenge the ALJ's consideration of the B and C criteria relevant to Listings 12.04 and 12.06; and (d) if Mr. Miller did not meet the B or C criteria for Listings 12.04 and 12.06, he cannot meet the requirements for Listing 12.15. The Court agrees.

First, in his opening brief, Mr. Miller summarily argues the C criteria for Listing 12.15 differs significantly but fails to show it is so. Instead, a review of the criteria for all three Listings

shows they are the same. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06, 12.15; *see also Grimm v. Berryhill*, No. 19-CV-0 0305-RBJ, 2019 WL 6271476, at *12 (D. Colo. Nov. 25, 2019) (recognizing the B and C criteria are the same for Listings 12.02, 12.04, 12.06, and 12.15).

Next, the Court is not persuaded by Mr. Miller's assertion, and without any supporting authority, in his reply brief that the analysis of the A criteria somehow establishes the presence of the C criteria.

Third, Mr. Miller's contention that the Commissioner "presupposes" the ALJ's analysis of the C criteria is supported by the substantial evidence is similarly unavailing. The Commissioner's alleged supposition is based on the fact that Mr. Miller failed to challenge such analysis in his opening brief. Accordingly, Mr. Miller may not do so belatedly in his reply brief. *See Guidry v. Astrue,* No. 08-CV-01846-PAB, 2009 WL 4884282, at *5 n.8 (D. Colo. Dec. 10, 2009) (arguments raised for first time in reply need not be considered); *Wirth v. Colvin*, No. 14-CV-00703-CMA, 2014 WL 7330747, at *4 n.5 (D. Colo. Dec. 22, 2014) (same).

Finally, because Mr. Miller did not properly challenge the ALJ's determination as to Listings 12.04 and 12.06, and the B and C criteria for these listings are the same for Listing 12.15, any error in failing to consider and discuss Listing 12.15 at step three was harmless. *See Bernal v. Berryhill,* No. CV 16-1365 JAP/GBW, 2018 WL 2441154, at *3 (D.N.M. May 31, 2018) (Any error was harmless where, "[a]lthough the ALJ did not address ¶ 12.02, the ALJ thoroughly analyzed Listings ¶¶ 12.04, 12.05 and 12.06 and their subparts and concluded that the Plaintiff did not meet any of the requirements of those listings. The subparts of ¶ 12.04, [¶] 12.05 and ¶ 12.06 are substantively the same as the subparts found in ¶ 12.02."); *Berruecos v. Colvin*, No. 14-1223-JAR, 2015 WL 5032246, at *2, 6 (D. Kan. Aug. 25, 2015) (where the B criteria in Listings 12.02, 12.04, and 12.08 were the same, and the ALJ properly found claimant did not

meet the B criteria for Listings 12.04 and 12.08, he in effect found claimant did not meet the same criteria for Listing 12.02; therefore, the ALJ's error in not applying Listing 12.02 was harmless); *Fischer-Ross*, 431 F.3d at 734 (remand not required for a "more thorough discussion of the listings when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review").

### B. The Appeals Council and the New Evidence

For his second argument, Mr. Miller contends the Commissioner erred as the Appeals Council failed to review his case and consider the September 15, 2017 VA letter. In response, the Commissioner asserts the Appeals Council concluded there was not a reasonable probability that the VA disability determination rating would change the outcome of the ALJ's decision, and was not required to explain why. The Court agrees. *Vallejo v. Berryhill*, 849 F.3d 951, 955-56 (10th Cir. 2017) (affirming that Appeals Council is required only to "'consider'" new evidence, and "'a conclusory statement that it has done so is sufficient'" (citation omitted)).

But, while the Appeals Council was not required to provide further explanation, the district court, in conducting its substantial-evidence review by assessing the entire agency record, must include the subsequently submitted VA's decision in its assessment. *Id.* at 956. Here, Mr. Miller argues – summarily in a single sentence – that the VA's decision "could have changed the outcome of the decision." (ECF No. 16, p. 10.) But, Mr. Miller's opening brief fails to explain how and his reply brief does not address this issue at all.[4] However, it is Mr. Miller's burden to prove that the record supports a finding of disability. *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007). The Court has no obligation to make arguments on Mr. Miller's behalf, *Carter v. Colvin*, 27 F. Supp. 3d 1142, 1150 n.12 (D. Colo. 2014), *aff'd*, 597 F. App'x 501 (10th Cir. 2015), especially where he is represented by counsel. It declines to do so here.

---

[4] Mr. Miller's reply focuses on the ALJ's failure to consider Listing 12.15 at step 3.

Nevertheless, as the Commissioner addresses this issue, the Court will consider its arguments. Here, the Commissioner argues the VA disability rating, rendered in September 2017 based on an assessment conducted in March 2017 but stated to be effective May 2016, does not render the ALJ's decision unsupported by substantial evidence. The Court agrees.

The ALJ's decision that Mr. Miller was not disabled though September 30, 2016 is supported by substantial evidence, even taking into account the VA's 100% disability rating based on PTSD. First, as the Commissioner argues, there are significant differences between a VA's disability rating and the SSA's findings of an individual's disability. For example, the Tenth Circuit has recognized that "VA disability ratings are based on how an impairment would affect the average person … rather than the particular claimant." *Walters v. Colvin*, 604 F. App'x 643, 648 (10th Cir. 2015). Thus, the Commissioner is not bound by disability decisions by other governmental and nongovernmental agencies. *Id.*; *see* SSR 06-03p[5]; 20 C.F.R. § 404.1504.

Next, Mr. Miller testified that he experienced flashbacks, nightmares, social difficulties, and difficulty sleeping, and that he avoided crowds. (AR 16.) The ALJ considered this testimony but nonetheless found Mr. Miller's reported symptoms were not entirely consistent with other evidence. Specifically, as the ALJ discussed, the medical evidence of record showed Mr. Miller reported significant improvements and activities such as taking agriculture courses, and that over time Mr. Miller's condition greatly improved with medication and therapy.

Further, the VA disability ratings were considered by the ALJ. As to the VA's disability rating of 40% in the record that was before the ALJ, the ALJ found that while the opinion carried some weight it was nonetheless not supported by the objective medical evidence. And, as for Mr. Miller's counsel's argument at the hearing that a recent psychological evaluation at the VA

---

[5] SSR 06-03p was rescinded effective March 27, 2017. *See* https://www.ssa.gov/OP_Home/rulings/di/01/SSR206-03-di-01.html (last visited May 19, 2020).

determined Mr. Miller to be 100% disabled mainly due to his PTSD, the ALJ assigned no weight to this decision because the examination (in March 2017) was subsequent to Mr. Miller's date last insured, September 30, 2016.[6]

The VA's September 15, 2017, decision did state that Mr. Miller was 100% disabled as of May 24, 2016, but this is inconsistent with the medical evidence discussed above. It is also contradicted by other evidence. As discussed by the ALJ and shown in the record, in January 2017, Mr. Miller volunteered to do landscaping at the Veterans of Foreign Wars Chapter of which he is a member and he was planning to get a passport and meet a friend in Alaska to drive back to the continental United States. (AR 18, 460.) The social worker assessed Mr. Miller as "alert, oriented, and well groomed. His apartment was clean and well kept." And, Mr. Miller had a "euthymic mood and congruent affect." (AR 460.) And, in March 2017, Mr. Miller was successfully managing his own household, going grocery shopping, trying to write a book, and traveling by bus. (AR 433.) In summary, the Court cannot say, even considering the September 2017 VA decision, that the ALJ's decision was not supported by adequate evidence in the record.

### C. The Lack of Substantial Evidence to Support the Finding of Available Jobs at Step Five

Mr. Miller argues the jobs which the vocational expert testified about are all obsolete; therefore, he contends the ALJ's finding is not supported by substantial evidence. Relying on *Cunningham v. Astrue*, 360 F. App'x 606 (6th Cir. 2010), Mr. Miller's argument here is that the vocational expert based her testimony on the Dictionary of Occupational Title ("DOT") when she should have relied on the Department of Labor's Occupational Information Network (O*Net). The Court finds otherwise.

---

[6] The ALJ also assigned no weight to the VA decision because it was never presented to him for consideration.

First, the vocational expert's testimony at issue was uncontradicted by any evidence. Although Mr. Miller's counsel cross-examined the vocational expert, he never inquired or challenged the jobs she identified, the numbers she provided, or the use of the DOT. Mr. Miller also submitted no post-hearing brief on the issue, either challenging the job numbers or the use of the DOT. Thus, the ALJ's finding is supported by substantial evidence.

Mr. Miller's citation to *Cunningham* does not merit a contrary conclusion. First, because it is belated. Second, because *Cunningham* is unpublished and from the Sixth Circuit. Third, in a recent (2020) unpublished decision, the Sixth Circuit "clarif[ied] that the DOT data can establish the existence of jobs in the national economy in significant numbers," *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 317 (6th Cir. 2020), and recognized the current regulations lists the DOT as a source of "'reliable job information,'" *id.* (quoting 20 C.F.R. § 404.1566(d)(1)). And, in rejecting the claimant's argument that the vocational expert's testimony was unreliable because it was unlikely that certain jobs described in the DOT listing currently existed in significant numbers in the national economy, the Sixth Circuit stated:

> O'Neal [claimant] had a chance to cross-examine the vocational expert during the hearing, and he did not. We cannot know if cross-examination would have suggested that the surveillance-system monitor job was in fact obsolete. … Because the DOT continues to be recognized as a source of reliable job information and O'Neal did not cross-examine the vocational expert when he had the opportunity, the vocational expert's testimony constitutes substantial evidence to support the ALJ's finding that O'Neal was able to perform work that existed in significant numbers in the national economy.

*Id.* at 318. This is also the case here – the vocational expert's testimony was unchallenged by Mr. Miller.[7]

Fourth, the regulations provide "we will take administrative notice of reliable job information available from various governmental and other publications," such as the Dictionary

---

[7] The Court is, of course, not suggesting the burden be shifted to the claimant.

10

of Occupational Titles. 20 C.F.R. § 404.1566(d)(1). *See also* SSR 00-4p, 2000 WL 1898704, at *2 (same). The O*NET, however, is not mentioned. *See* https://www.ssa.gov/disabilityresearch/ois_project_faqs.html (last visited May 19, 2020) (addressing the SSA's progress in developing a new occupational information system and why it does not use O*NET).

Finally, the Tenth Circuit continues to recognize the use of the DOT. *See Poppa v. Astrue*, 569 F.3d 1167, 1173 & n.6 (10th Cir. 2009) (recognizing the ALJ should resolve alleged conflicts between the vocational expert's testimony and the DOT); *Webb v. Comm'r, Soc. Sec. Admin.*, 750 F. App'x 718, 722-23 (10th Cir. 2018) (same). Accordingly, the Court finds the RFC, as well as the ALJ's finding that Mr. Miller was not disabled, are supported by substantial evidence.

## IV.   CONCLUSION

Based on the foregoing, the Commissioner's final decision is **AFFIRMED** and the Clerk shall enter judgment in favor of the Commissioner.

DATED this 19th day of May, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge